# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| TIM VAN DER WEIDE, Individually and as Trustee of the TIM VAN DER WEIDE REVOCABLE TRUST, as Assignees of BOUMA & COMPANY, INC. and UNITED FIRE & CASUALTY CO., <br><br> Plaintiffs, <br><br> v. <br><br> CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C14-4100 <br><br><br><br> COMPLAINT AND JURY DEMAND |

COME NOW Plaintiffs, Tim Van Der Weide, Individually and as Trustee of the Tim Van Der Weide Revocable Trust, as Assignees of Bouma & Company, Inc., and for their cause of action, state as follows:

## PARTIES AND JURISDICTION

1.      Tim Van Der Weide and his wife, Ruth Van Der Weide, reside at 102 Martin Drive, NE, in Orange City, Sioux County, Iowa.

2.      The title owner of the property known as 102 Martin Drive, NE, is the Tim Van Der Weide Revocable Trust.

3.      The residence constructed at 102 Martin Drive, NE, in Orange City, Iowa, was built by Bouma & Company, Inc., an Orange City, Iowa, construction firm, between 1996 and 1998.

4.      The Van Der Weides moved into the house in August 1998.

1

5.      Defendant Cincinnati Insurance Company is an insurance company that was, at all times material hereto, licensed to do business in the state of Iowa, by the Iowa Insurance Division.

6.      Cincinnati Insurance Company's principal place of business is Fairfield, Ohio.

7.      Cincinnati Insurance Company provided liability and umbrella insurance coverage for Bouma & Company, Inc., during and after the construction of the Van Der Weide residence at 102 Martin Drive, NE, Orange City, Iowa.

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship amongst the parties and the amount in dispute exceeds the jurisdictional minimum for diversity actions.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the parties have diversity of citizenship and a substantial portion of the events or omissions giving rise to this action occurred in this judicial district.

## GENERAL ALLEGATIONS

10.     Plaintiffs restate the allegations asserted in paragraphs 1-9, as though fully set forth herein.

11.     Bouma & Company, Inc., served as the general contractor for the construction of the Plaintiffs' home at 102 Martin Drive, NE, Orange City, Iowa, between 1996 and 1998.

12.     Through and including January 30, 1999, Bouma purchased commercial general liability (CGL) and umbrella insurance from Defendant.

2

13.     In August 2010, Plaintiffs discovered substantial water damage resulting from water infiltration through the defectively assembled masonry veneer on the house.

14.     The water infiltration so severely damaged the house that all of the exterior walls had to be removed and reconstructed, which also required substantial interior repairs.

15.     Upon being put on notice of the significant water damage to the Plaintiffs' house, Bouma has believed it to be entitled to liability insurance coverage pursuant to its insurance policies with Cincinnati Insurance.

16.     On March 31, 2011, Plaintiffs sued Bouma & Company, Inc. (Sioux County, Iowa, Case No. LACV023156).

17.     Plaintiffs amended their Petition on March 7, 2012, and February 8, 2013.

18.     In the Petition and amendments filed, Plaintiffs alleged that Bouma, as the general contractor, was negligent.

19.     In the Petition and amendments, Plaintiffs alleged that negligent construction permitted substantial water infiltration, which caused extensive water damage to the house.

20.     In the Petition and amendments, Plaintiffs alleged the construction defects existed at the time Plaintiffs took possession, but said defects were latent and not discoverable by reasonable means.

21.     In the Petition and amendments, Plaintiffs alleged the defects and damages were discovered in August 2010.

22.     After January 30, 1999, Bouma purchased liability insurance from United Fire & Casualty Company.

23.     United Fire appointed counsel to defend Bouma in the "Van Der Weide litigation," but under a reservation of rights, and also commenced a declaratory judgment action in Sioux County District Court seeking a declaration that it was not required to indemnify Bouma for the claims asserted against it in the Van Der Weide litigation.

24.     Bouma and United Fire tendered the defense of the Van Der Weide litigation to Cincinnati, but Cincinnati has continually denied coverage, including any duty to defend Bouma.

25.     Bouma has notified Cincinnati that it disagreed with Cincinnati's coverage position.

26.     During the Van Der Weide litigation, Bouma's masonry subcontractors, Elkato Masonry, Inc., Elson Haan, and Kent Moeller were dismissed by the Court pursuant to a Motion for Summary Judgment.

27.     Additionally, Marvin Windows & Doors, the manufacturer of the windows installed in the Plaintiff's home, was dismissed by Summary Judgment from the Van Der Weide litigation.

28.     The catastrophic water damage inflicted upon the house constructed at 102 Martin Drive, NE, Orange City, Iowa, were the result of defective masonry construction by Bouma's subcontractors, Elkato Masonry, Inc., Elson Haan, and Kent Moeller.

29.     Experts for both Van Der Weide and Bouma opined in the underlying lawsuit that defective installation of the brick veneer and extensive mortar bridging across the brick cavity of the house caused absorption of water into the underlying wood framing.

4

30.     The experts in the underlying litigation agree that the bulk water intrusion through the masonry veneer assembly, which lacked any protective through-wall flashings or any weeps to permit bulk water intrusion into the walls to exit the assembly, began to develop prior to and upon substantial completion of the original building assembly.

31.     Said experts further concluded that the mechanism(s) for immediate deterioration were assembled at the outset of construction.

32.     The masonry work was commenced in 1996 and was completed by April 1997.

33.     As a result of the negligently installed brick masonry veneer, the Plaintiffs incurred approximately $2,150,121.50 in damages to repair the house.

34.     Since United Fire was defending Bouma under a reservation of rights and had filed a separate Declaratory Judgment action regarding its coverage for Van Der Weides' damages, Bouma was concerned it would have uninsured liability if a judgment were ultimately rendered against it in the underlying case.

35.     Pursuant to the legal principles and rationale set out in the Iowa Supreme Court's decision in *Red Giant Oil Company v. Lawlor*, 528 N.W.2d 524 (Iowa 1995), and its progeny, Bouma and United Fire have assigned any and all claims and causes of action that they have or may have against Defendant.

36.     Bouma confessed judgment in the amount of $2,000,000.00 with Judgment having been entered in that amount by the Court on October 2, 2014.

37.     Said confession took into account provable damages, Bouma's role as the general contractor, and the risks associated with the underlying case going to trial.

5

38.     Pursuant to *Red Giant Oil Company v. Lawlor*, 528 N.W.2d 524 (Iowa 1995), Plaintiffs have agreed that they will not execute on the Judgment entered against Bouma but rather have agreed to file this action to satisfy the Judgment from Defendant, because Defendant has failed to provide coverage pursuant to the CGL and Umbrella policies purchased by Bouma and has failed to defend Bouma in the underlying case.

## COUNT ONE
## BREACH OF INSURANCE CONTRACT

39.     Plaintiffs restate paragraphs 1-38 as if fully set forth herein.

40.     Bouma purchased a CGL policy from Defendant which was in effect from January 30, 1996 – January 30, 1999 (CGL Policy CPP 5523096).

41.     Bouma purchased a commercial umbrella policy from Defendant with an effective policy period of January 30, 1996 – January 30, 1999 (Policy # CCC 4392048).

42.     Defendant's insurance policies require it to pay those sums that Bouma becomes legally obligated to pay as damages because of property damage which occurred during the policy period.

43.     Defendant's insurance policies further provide it has a duty to defend any "suit" seeking property damage as a result of the insured's liability.

44.     Plaintiff, at all material times, paid all of its premiums for the insurance policies at issue.

45.     Bouma complied with all obligations under Defendant's insurance policies, at all times.

46.     Bouma on multiple occasions tendered the defense of the underlying case to Defendant, which Defendant has continually rejected.

6

47.    Water damage to Plaintiffs' house began to develop both prior to and immediately upon substantial completion of the original building assembly, and during Defendant's policy periods.

48.    The mechanisms for immediate deterioration were assembled at the outset of construction.

49.    The catastrophic water damage to Plaintiffs' house, as well as the attached garage, arose out of work performed on behalf of Bouma by its masonry subcontractor.

50.    In addition, the portions of the house damaged by the water infiltration, resulting from the defective masonry work, were constructed by subcontractors.

51.    The property damage caused by the water infiltration constitutes an occurrence under the Defendant's insurance policies.

52.    Neither Bouma nor its masonry subcontractor intended for Plaintiffs to suffer water infiltration or damage to Plaintiffs' house constructed at 102 Martin Drive, NE, Orange City, Iowa.

53.    Neither Bouma nor its masonry subcontractor knew or expected water damage to result from the installation of the brick masonry veneer.

54.    Defendant has breached the insurance contracts with Bouma by failing to defend or indemnify Bouma for Plaintiffs' claims asserted in the underlying lawsuit.

55.    Due to Defendant's breach of the insurance policies, Bouma has assigned its rights under said policies to Plaintiffs pursuant to *Red Giant Oil Company v. Lawlor*, 528 N.W.2d 524 (Iowa 1995).

56.    United Fire has assigned all of its rights and/or claims against Defendant for defense fees and expenses paid by United Fire in the defense of Bouma.

7

57.     Defendants' breach of the insurance policies is a cause of damages to Plaintiffs, as assignees of Bouma and United Fire, including but not limited to:

        a.      All costs and fees incurred in defending the underlying lawsuit;

        b.      Indemnity for all claims asserted against Bouma by Plaintiffs;

        c.      All incidental damages; and

        d.      All consequential damages.

WHEREFORE, Plaintiffs, Tim Van Der Weide, Individually and as Trustee of the Tim Van Der Weide Revocable Trust, as Assignees of Bouma & Company, Inc. and United Fire & Casualty Co., respectfully that the Court enter Judgment against Defendant for all damages incurred as a result of Defendant's breach of the insurance policies, as well as interest, costs, and any and all other relief the Court deems appropriate.

## COUNT TWO
## BAD FAITH

58.     Plaintiffs restate paragraphs 1-57 as if fully set forth herein.

59.     Defendant denied each of Bouma's claims for coverage for the underlying case.

60.     Defendant has continuously refused to defend Bouma in the underlying case.

61.     There was no reasonable basis for denying Bouma's claim for coverage.

62.     There was no reasonable basis for refusing to defend Bouma in the underlying case.

63.     Defendant knew or had reason to know that there was no reasonable basis for denying Bouma's claim for coverage.

64.     Defendant knew or had reason to know that there was no reasonable basis for refusing to defend Bouma in the underlying case.

65.     Defendant's denial of the claim was a cause of damage to Bouma and United Fire.

66.     Defendant's refusal to defend Bouma in the underlying case was a cause of damage to Bouma and United Fire.

67.     Plaintiffs, as assignees of Bouma and United Fire, are entitled to damages for Defendant's bad faith denial of Bouma's claim and refusal to defend Bouma in the underlying case.

WHEREFORE, Plaintiffs, Tim Van Der Weide, Individually and as Trustee of the Tim Van Der Weide Revocable Trust, as Assignees of Bouma & Company, Inc. and United Fire & Casualty Co., respectfully that the Court enter Judgment against Defendant for damages incurred as a result of Defendant's bad faith denial of Bouma's claim and refusal to defend Bouma in the underlying case, as well as any and all other relief the Court deems appropriate.

## COUNT THREE
## PUNITIVE DAMAGES

68.     Plaintiffs restate paragraphs 1-67 as though fully set forth herein.

69.     Defendant's conduct in failing to defend or indemnify Bouma constitutes a willful and wanton disregard for the rights of Bouma and caused actual damages.

70.     Punitive damages should be awarded against Defendant, as a result.

WHEREFORE, Plaintiffs respectfully request the Court enter Judgment for punitive damages, as well as any and all other relief the Court deems appropriate, in addition to interest, costs.

9

**JURY DEMAND**

COME NOW Plaintiffs, Tim Van Der Weide, Individually and as Trustee of the

Tim Van Der Weide Revocable Trust, as Assignees of Bouma & Company, Inc. and

United Fire & Casualty Co., and hereby request a trial by jury in the above matter.

Dated: <u>November 7, 2014</u>.

                    Respectfully submitted,

                    HEIDMAN LAW FIRM, L.L.P.

                    BY:    /s/ Jeff W. Wright
                    JEFF W. WRIGHT, AT0008716
                    1128 Historic 4th Street
                    P.O. Box 3086
                    Sioux City, Iowa 51101
                    Telephone: (712) 255-8838
                    Facsimile: (712) 258-6714
                    Jeff.Wright@heidmanlaw.com

                    ATTORNEYS FOR PLAINTIFFS

The undersigned certifies that on November 7, 2014, a copy of the foregoing instrument was filed electronically. Notice of this filing will be sent automatically to all parties who are registered users of the Court's electronic case filing (ECF) system. Parties may access this filing through the Court's system.

                        /s/ Jeff W. Wright

10